Martin, J-
The defendants obtained on the plaintiff and the Judge of the City Court of Lafayette, a rule to show cause, why a writ of prohibition should not be issued from this court, forbidding them from proceeding in the present case.
The plaintiff showed for cause : 1st That the City Court has jurisdiction of suits of the amount claimed:
2d. That with regard to the exemption of the defendants from being sued in the City Court of Lafayette, on account of their domicil not being within its jurisdiction, the act of 1835, establishing the court, extends its jurisdiction from the lower line of the city, to the upper line of the town of Carrollton, and back as far as Metairie ; that in 1840 the jurisdiction was confined to the corporate limits of the city ; but that in 1843 the jurisdiction was raised to one thousand dollars, and its territorial jurisdiction reinstated in the limits of the act of 1835: that the domicil of the defendants is within the city according to the 198th .art. of the *551 Code of Practice, under which suit is to be brought in the place where the Mayor and other officers of the corporation hold their offices; that the Judge of the parish of Jefferson, ex officio president of the Police Jury, resides and holds his office within the city, as well as the clerk of the jury, the meetings of that body being held and their records kept there ; further, that the labor for which the plaintiff seeks remuneration was performed within the jurisdiction of the court; and lastly, that the facts on which the application for the writ of prohibition is grounded, are not accompanied by the oath of the petitioner, and are not self-evident. Code of Practice, art. 848.
The Judge showed for cause, that having carefully examined the laws relating to his court, and maturely reflected on the corporate capacity of the defendants, he was and still is of opinion that he has jurisdiction of the case, and is bound to exercise it.
It is true, that the facts upon which the interposition of this court has been sought, are not accompanied or supported by the petitioner’s oath ; but they are made evident by a transcript of the whole record of the suit, in which the proceedings of the City Court are sought to be arrested.
It is also true, that the amount sought to be recovered is within the jurisdiction of the court; but it is equally so, that Police Juries are corporations established for the concerns of the whole parish, and are not suable in courts the territorial jurisdiction of which is limited to a particular part of the parish, although the Parish Judge, who is president, éx officio, and their clerk may reside within the limits of the jurisdiction of such court, which does not acquire jurisdiction over them in consequence of the place where they may meet and keep their records. Like all other citizens, they are suable in the courts of their own domicil; and as their members reside in different parts of the parish, the body has no domicil but the parish.
The circumstance of the work for which the plaintiff seeks remuneration having been performed within the jurisdiction of the City Court, does not authorize him to sue the defendants in any other court than that of their domicil. The 198th article of the Code of Practice, to which we are referred, relates only to the manner in which the service of writs is to be made in suits which *552 are brought against a corporation, &c.; but that article is perfectly silent as to the courts in which suits against those bodies, are'to be instituted. It is very clear, that the court of the parish of Jefferson, and that of the First Judicial District, of which that parish is a part, are the proper courts of the defendants’ domicil.
It is, therefore, ordered, that the writ of prohibition be issued as prayed for ; and that the plaintiff pay the costs of it, and of this application.